IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


BELINDA BROWN                                                          PLAINTIFF

vs.                                    Civil No. 1:25-cv-01048

FRANK BISIGNANO,                                                       DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Belinda Brown ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration ("SSA") denying her application for

Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 6.  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff filed her disability application on August 29, 2022.  (Tr. 17).[1]  In her application,

Plaintiff alleges being disabled due to esophagus issues, anxiety, depression, and acid reflux.  (Tr.

212).  Plaintiff alleged an onset date of August 1, 2014. (Tr. 17).  Plaintiff's application was denied

initially and again upon reconsideration.  *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript
pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No.
8.  These references are to the page number of the transcript itself not the ECF page number.

Plaintiff then requested an administrative hearing on her denied application, and this hearing request was granted.  (Tr. 107-164).  Plaintiff's administrative hearing was held on April 15, 2024.  (Tr. 32-42).  Plaintiff was present and was represented by Randolph Baltz at this hearing.  *Id.*  Plaintiff and a Vocational Expert ("VE") testified at this hearing.  *Id.*

Following the administrative hearing, on May 31, 2024, the ALJ entered an unfavorable decision.  (Tr. 17-26).  In this decision, the ALJ determined Plaintiff had not engaged in substantial gainful activity ("SGA") since August 29, 2022.  (Tr. 19, Finding 1).  The ALJ also determined Plaintiff had medically determinable impairments of esophagitis, acid reflux, anxiety disorder, and depression.  (Tr. 19, Finding 2).

The ALJ then found Plaintiff did not have an impairment or a combination of impairments that significantly limited (or was expected to significantly limit) her ability to perform basic work-related activities for 12 consecutive months; and therefore, Plaintiff did not have a severe impairment or combination of impairments.  (Tr. 19, Finding 3).  Based on this, the ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act since August 29, 2022.  (Tr. 26, Finding 4).

On June 23, 2025, Plaintiff filed the present appeal.  ECF No. 3.  Both Parties have filed appeal briefs.  ECF Nos. 10, 14.  This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As

long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past

relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 10. In making this claim, Plaintiff argues the ALJ erred in evaluating the severity of Plaintiff's medically determinable mental and physical impairments. *Id.* In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

On January 18, 2017, the SSA adopted new rules which, for claims filed after March 27, 2017, modify the "treating physician" rule. Because this claim was filed after that date, this new rule applies here. Under the new rule, the ALJ is required to consider factors such as the supportability of the medical source's opinion, the consistency of that opinion, the relationship of the claimant to the medical source, and specialization of the medical source. *See* 20 C.F.R. §§ 404.1520c(c) and 416.920c(c). Under these new regulations, the SSA "will consider" these factors. *See id.* The ALJ must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b). Supportability and consistency are the most important factors and must be discussed in the ALJ's decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors. *Id.*

Plaintiff claims the ALJ erred in assessing the opinions of Dr. Rodeny Goodwin who performed a consultative exam; Dr. Kay Cogbill and Dr. David Voss who both performed state agency psychological consults; and Dr. Amanda Ederle who performed a consultative physical examination.

The Court finds no error in the ALJ's assessment of these physician opinions. The ALJ considered supportability and consistency, as required by the applicable regulations, and provided adequate explanations for his conclusions. (Tr. 22-26). For each of these physicians, the ALJ noted in detail their findings, discussed inconsistencies and basis for support from testimony and medical records, and provided sufficient reasoning of the persuasiveness given to each physicians' opinions as its relates to the severity of Plaintiff's mental and physical impairments. *Id.*

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support

the ALJ's decision.  Accordingly, the ALJ's decision is hereby affirmed and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this  **3rd day of April 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

6